■ In the Matter of DONALD A. KUHN, Appellant, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [657 NYS2d 692] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about July 23, 1996, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination denying petitioner's application for an accident disability pension, and dismissed the petition, unanimously affirmed, without costs.

Petitioner police officer injured his knee while performing a required running exercise in November 1979. Contemporaneous reports, including the line-of-duty injury report and witness statements, made no mention of any hazardous conditions. However, in a 1994 letter to the Board of Trustees, which was then considering petitioner's accident disability pension application, petitioner claimed for the first time that a box of medicine balls fell off a seat and the balls rolled onto the gym floor into his path, causing him to stop abruptly and injure his knee. The Medical Board recommended that an accident disability pension be awarded, but only an ordinary disability was awarded in consequence of a tie vote by the Board of Trustees. Accordingly, there is no factual determination of the cause of petitioner's disability to be subjected to judicial review under the normal article 78 standard, and the decision must stand "[u]nless it can be determined as a matter of law on the record that the disability was the natural and proximate result of a service-related accident." (*Matter of Canfora v Board of Trustees*, 60 NY2d 347, 352.) That is not possible here if only because petitioner's divergent accounts of the occurrence raise an issue of credibility as to the presence of the medicine balls (*cf.*, *Matter of Danyi v Board of Trustees*, 176 AD2d 451). Concur— Sullivan, J. P., Ellerin, Nardelli, Tom and Mazzarelli, JJ.