■ WILLIAM J. KENNY et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [713 NYS2d 173] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered August 10, 1999, which granted defendants' motions to amend their answers to assert the affirmative defense of collateral estoppel, and which granted summary judgment in their favor dismissing the complaint, unanimously reversed, on the law, without costs, defendants' motions to amend and for summary judgment denied, and the complaint reinstated.

The motion court erroneously relied on the non-binding rec-

ommendation of the Police Pension Fund's Medical. Board in granting defendants summary judgment based on their collateral estoppel defense. The Pension Fund's Board of Trustees is the administrative body statutorily responsible for adjudicating police officers' disability retirement claims; the Medical Board serves that body in an advisory capacity (Administrative Code of City of NY §§ 13-206, 13-223 [b]). Here, the Board of Trustees never determined plaintiff's accidental disability retirement claim. Its vote on the matter ended in a tie, which, according to its procedural practice, results in the claimant receiving ordinary disability benefits, but does not constitute a determination as to the cause of his disabling injuries (*Matter of Canfora v Board of Trustees*, 60 NY2d 347, 352; *Matter of Kuhn v Bratton*, 240 AD2d 171; *see*, Administrative Code § 13-216 [b]). The collateral estoppel doctrine requires, among other things, that an administrative determination to be given preclusive effect must be a valid, final adjudication (*see*, 2 NY Jur 2d, Administrative Law, § 278). Thus, under the circumstances herein, in the absence of such an administrative determination, or of a CPLR article 78 adjudication of the matter (*see*, *Matter of Meyer v Board of Trustees*, 90 NY2d 139), collateral estoppel cannot be applied.

Even more significant, however, is the fact that the application of collateral estoppel requires that there be an "identity of issue" (*Gloria Vanderbilt Home Furnishings v Cooper*, 215 AD2d 162, 163). This is wholly lacking here. The issues before the Medical Board were whether plaintiff's disability was such as to render him unable to continue in police service and whether that disability was due to a "line of duty" accident, within the unique definition of that term as applicable to obtaining accidental disability retirement. In distinction, the fact finder in the tort action must determine whether the accident in which plaintiff allegedly sustained his injuries was due to defendant's negligence, an issue not before either the Medical Board or the Pension Fund's Board of Trustees.

We have considered defendants' remaining contentions and find them to be without merit. Concur—Williams, J. P., Ellerin, Wallach and Rubin, JJ.