◼ JOSEPH J. GRASSO, Appellant, v LONG ISLAND RAIL ROAD, Respondent, et al., Defendant. [760 NYS2d 864] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated February 11, 2002, which granted the motion of the defendant Long Island Rail Road for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

The plaintiff, an employee of the defendant Long Island Rail Road (hereinafter the LIRR) contends that on September 20, 1994, he was injured when he fell after the codefendant, Benjamin Cook, a fellow employee, intentionally bumped into him. Thereafter Cook was charged by the LIRR with "[c]onduct unbecoming an employee, assaulting a supervisor." Cook's personnel file, which is maintained by the LIRR, indicates that in 1983 he was suspended for three days and placed on six months' probation as a result of an incident in which he was charged with "conduct unbecoming an employee causing personal injury to a fellow employee."

In his complaint, the plaintiff alleged that the LIRR was liable for his injuries pursuant to the provisions of the Federal Employers' Liability Act (hereinafter FELA), which is applicable to LIRR employees (*see* 45 USC §§ 51-60). The Supreme Court held that there were "no grounds to warrant a finding of liability against the railroad," and granted the LIRR's motion for summary judgment. We reverse.

"As a remedial statute, a cause of action under FELA is 'broader than those available under principles of common-law negligence' " (*Wahlstrom v Metro-N. Commuter R.R. Co.,* 89 F Supp 2d 506, 514 [SD NY 2000], quoting *Goldwater v Metro-N. Commuter R.R.,* 101 F3d 296, 298 [2d Cir 1996]). Toward this end, the federal courts have "liberally construed" FELA to

permit employee recovery (*Consolidated Rail Corp. v Gottshall,* 512 US 532, 543 [1994]). Thus "[t]he test as to whether a case under FELA is to be submitted to a jury is whether the proofs submitted justify the conclusion that the employer's negligence played any part, even the slightest, in producing the * * * injury for which damages are sought" (*Pidgeon v Metro-N. Commuter R.R.,* 248 AD2d 318 [1998]; *see Rogers v Missouri Pac. R.R. Co.,* 352 US 500, 506-507 [1957]).

By virtue of its own records, the LIRR was on actual notice that Cook had been involved in an incident which caused injury to a fellow employee, prior to the one involving the plaintiff. Accordingly, it cannot be said, as a matter of law, that Cook's alleged assault upon the plaintiff was not reasonably foreseeable by the LIRR (*see Wahlstrom v Metro-N. Commuter R.R. Co., supra*). Under such circumstances, it is for a jury to determine whether the railroad "fail[ed] to prevent reasonably foreseeable danger to an employee from intentional or criminal misconduct," and thus may be liable under FELA (*Brooks v Washington Term. Co.,* 593 F2d 1285, 1288 [DC Cir 1979], *cert denied* 442 US 910 [1979]; *see Bissett v Burlington N. R.R. Co.,* 969 F2d 727 [8th Cir 1992]). Therefore, the Supreme Court erred in granting the LIRR's motion for summary judgment dismissing the complaint insofar as asserted against it. Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.