OPINION OF THE COURT
Augustus C. Agate, J.
*560 Plaintiff Paul Zuckerberg, a police officer employed by the defendant Port Authority of New York and New Jersey, allegedly sustained serious injuries on April 12, 2004 when he tripped and fell on a door saddle in a building owned by defendant at John E Kennedy International Airport (JFK). Plaintiff and his wife, derivatively, commenced this action pursuant to the Federal Employers’ Liability Act (FELA) (45 USC § 51 et seq.).
Defendant now moves for summary judgment on the ground that FELA does not apply to this action inasmuch as plaintiff Paul Zuckerberg is not a railroad employee engaged in interstate common carrier operations. In addition, defendant asserts that plaintiff Paul Zuckerberg is barred from bringing this action inasmuch as his exclusive remedy is workers’ compensation. Plaintiffs, in opposition, argue that plaintiff Paul Zuckerberg substantially affected transportation within the meaning of FELA as the result of defendant’s extensive participation in the operations of the Port Authority Trans-Hudson corporation (PATH) rail operation. PATH, a wholly owned subsidiary of Port Authority, operates a commuter railroad connecting New York City and northern New Jersey. According to plaintiffs, defendant provides for the general safety and security of the PATH rail system. Plaintiff Paul Zuckerberg asserts that throughout his career as a Port Authority police officer, he would often police and patrol the PATH rail operations. Plaintiff Paul Zuckerberg also avers that he supervised officers in their activities on the PATH system as well as on the JFK AirTrain and the Newark Airport AirTrain. Further, plaintiffs contend that FELA preempts state workers’ compensation laws.
Congress enacted FELA in 1908 to address the large number of work-related injuries in the railroad industry. (Sinkler v Missouri Pacific R. Co., 356 US 326, 329 [1958]; Kernan v American Dredging Co., 355 US 426, 431-432 [1958].) The purpose of FELA was to address the “special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety.” (Sinkler v Missouri Pacific R. Co., 356 US at 329.) FELA provides that railroad carriers engaged in interstate commerce “shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier” (45 USC § 51; see Williams v Long Is. R.R. Co., 196 F3d 402 [2d Cir 1999]). The statute has been construed as imposing on railroads *561 “a general duty to provide a safe workplace.” (McGinn v Burlington N. R.R. Co., 102 F3d 295, 300 [7th Cir 1996]; Waymire v Norfolk & W. Ry. Co., 218 F3d 773 [7th Cir 2000], cert denied 531 US 1112 [2001].) The statute was amended in 1939 to cover “[a]ny employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce.” (45 USC § 51, as amended by 53 US Stat 1404.) Under the amendment, the benefits of FELA are not limited to those exposed to the hazards of the railroad industry. (Greene v Long Is. R.R. Co., 280 F3d 224, 230 [2d Cir 2002].) Thus, in order to recover under FELA, a plaintiff must establish that (i) he sustained an injury (ii) while employed by a carrier engaged in interstate commerce (iii) due to the negligence of the carrier and that (iv) such negligence played a role in the plaintiffs injury. (Marchica v Long Is. R.R. Co., 31 F3d 1197, 1202 [2d Cir 1994], cert denied 513 US 1079 [1995].)
FELA is a broad remedial statute, which is to be liberally construed. (Greene v Long Is. R.R. Co., 280 F3d at 229.) The statute supercedes state and common law and provides the exclusive remedy for injured railroad employees. (South Buffalo R. Co. v Ahern, 344 US 367 [1953].) A negligence claim brought under FELA is “significantly different from the ordinary common-law negligence action.” (Gallose v Long Is. R.R. Co., 878 F2d 80, 86 [2d Cir 1989], quoting Rogers v Missouri Pacific R. Co., 352 US 500, 509-510 [1957].) Indeed, the standard of proof as to the element of causation is lower than the “substantial factor” test that would normally apply in typical negligence cases. (See Grasso v Long Is. R.R., 306 AD2d 378, 378-379 [2003].) Thus, to establish liability under FELA, a plaintiff must show that the negligence of the railroad played “any part, even the slightest” in producing the railroad employee’s injury. (Aparicio v Norfolk & W. Ry. Co., 84 F3d 803, 807 [6th Cir 1996].)
Applying the above principles to the case at bar, the court finds that FELA is inapplicable herein. The evidence submitted does not establish that plaintiff Paul Zuckerberg was employed in interstate common carrier operations on commuter rails. As noted above, plaintiff was employed by the Port Authority. The Port Authority is a bi-state entity created in 1921 by a compact between New York and New Jersey and approved by Congress. (McKinney’s Uncons Laws of NY § 6404 [L 1921, ch 154, § 1, art III, as amended].) The Port Authority is an entity with wide functions. It exercises control over various facilities, including *562 the PATH rail system. (See Dezaio v Port Auth. of N.Y. & N.J., 205 F3d 62, 64 [2d Cir 2000].)
At the time of the incident, plaintiff was assigned to John F. Kennedy International Airport and not to the PATH system, notwithstanding that in the past he had often patrolled the PATH trains. Plaintiff cites Greene v Long Is. R.R. Co. (280 F3d at 239) in support of his position. However, his reliance on Greene is misplaced. The plaintiff in Greene was a Metropolitan Transportation Authority (MTA) police officer who patrolled the Long Island Railroad (LIRR) parking lots. The MTA provided security personnel to the LIRR parking lots. The court found that MTA’s patrol of the LIRR parking lot was “ ‘in furtherance of LIRR’s railroad business within the meaning of FELA” (Greene v Long Is. R.R. Co., 280 F3d at 239). While such facts may appear similar at first glance to the case at bar, the court in Greene explained how the plaintiffs employment furthered interstate commerce. The court noted that commuters who drive to LIRR stations require a safe place to leave their cars, and the presence of such police officers is meant to provide security and reassurance. Moreover, there is no indication herein that PATH had significant supervisory control over the plaintiff, which is required for liability under FELA. (See Lindsey v Louisville & Nashville R.R. Co., 775 F2d 1322, 1324 [5th Cir 1985]; Smith v Metropolitan Transp. Auth., 226 AD2d 168, 168-169 [1996].) It is the view of the court that to apply FELA to the Port Authority under the facts presented would extend the scope of the statute to an extent that was not envisioned by Congress.
Accordingly, this motion by the defendant for summary judgment is granted, and the action is dismissed.