In the Matter of BLUESTAR PROPERTIES INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [937 NYS2d 18]—

Respondent, as "[t]he administrative agency charged with enforcing a statutory mandate[,] has broad discretion in evaluating pertinent factual data and inferences to be drawn therefrom, and its interpretation will be upheld so long as not irrational or unreasonable" (Matter of 333 E. 49th Assoc., LP v New York State Div. of Hous. & Community Renewal, Off. of

*Rent Admin.*, 40 AD3d 516, 516 [2007], *affd* 9 NY3d 982 [2007]). Here, the prior owner of the subject premises, in answering the service complaint, acknowledged that access to the community room was a required service that was provided to the tenants in the past and represented to respondent that this service would continue to be available to the tenants. Since the prior owner did not dispute that providing access to the community room to the building's tenants was a required service, respondent's determination that Rent Stabilization Code (9 NYCRR) § 2523.4 (f) (1) was inapplicable had a rational basis in the record.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Freedman and Román, JJ. **[Prior Case History: 2011 NY Slip Op 31377(U).]**