In the Matter of GERMAN MASONIC HOME CORPORATION, Petitioner, v COMMISSIONER OF HEALTH OF STATE OF NEW YORK et al., Respondents. [972 NYS2d 590]—

Proceeding pursuant to CPLR article 78 to review a determi-

nation of a designee of the Commissioner of the New York State Department of Health dated July 14, 2011, which, after a hearing, affirmed certain audit adjustments made by the Office of the Medicaid Inspector General.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner owned a nursing care facility and was licensed to provide services in the New York State Medicaid (hereinafter Medicaid) program. Following an audit conducted to calculate the petitioner's Medicaid reimbursement rates for the period from October 1, 1998, through December 31, 2007, the Office of the Medicaid Inspector General made two adjustments disallowing reimbursements for (1) the petitioner's failure to offset mortgage interest expenses with investment gains and (2) certain working capital interest incurred. The petitioner requested a hearing, and after the hearing was held, the two adjustments were sustained in a determination issued by the New York State Department of Health (hereinafter the DOH). The petitioner commenced this proceeding pursuant to CPLR article 78 to review the two adjustments, and the proceeding was transferred to this Court.

Judicial review of an agency determination made after a hearing required by law at which evidence was taken is limited to consideration of whether the determination was supported by substantial evidence in the record (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Barthel v Town of Huntington*, 97 AD3d 814 [2012]).

Here, substantial evidence in the record supports the DOH's determination that the subject investment fund was not donor restricted and, thus, its gains should have been used to offset the petitioner's mortgage interest expenses, without allocation between the nursing home and other assets of the petitioner (*see* 10 NYCRR 86-2.20 [c] [1]; *cf. Messiah Vil. v Commonwealth of Pa., Dept. of Pub. Welfare*, 118 Pa Commw 29, 42, 545 A2d 956, 962 [1988]). Donor restricted funds must be restricted by the donor, not merely designated for specific uses by a board of directors (*see* 10 NYCRR 451.194, 452.3 [c] [1]). The petitioner failed to meet its burden of establishing that the investment fund comprised funds which had been restricted by their donors, as opposed to designated for certain uses by the board of directors (*see Lefkowitz v Cornell Univ.*, 35 AD2d 166, 171 [1970], *affd* 28 NY2d 876 [1971]; 18 NYCRR 519.18 [d] [1]; *cf. Matter of Syracuse Univ. [Heffron]*, 3 NY2d 665, 670 [1958]). Accordingly,

this disallowance was supported by substantial evidence and must be confirmed.

Further, the DOH's determination that the subject loan was unnecessary in light of the funds available to the petitioner in the investment fund was supported by substantial evidence (*see* 10 NYCRR 86-2.20 [a], [b]; CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180). Accordingly, the disallowance of reimbursement for working capital interest must also be confirmed. Rivera, J.P., Hall, Cohen and Miller, JJ., concur.