Lauzon v Stop & Shop Supermarket (2020 NY Slip Op 06513)





Lauzon v Stop & Shop Supermarket


2020 NY Slip Op 06513


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-08248
 (Index No. 60984/15)

[*1]Katherine Lauzon, appellant, 
v
Stop & Shop Supermarket, et al., respondents.


The Law Office of Richard R. Mogg, P.C. (Eileen Kaplan, Somers, NY, of counsel), for appellant.
Ahmuty, Demers & McManus (Cullen & Dykman, LLP, Garden City, NY [Nicholas M. Cardascia], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated June 23, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On February 23, 2015, the plaintiff allegedly slipped and fell on a wet condition in the produce aisle of the defendants' supermarket. The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, negligent maintenance of the supermarket. The defendants moved for summary judgment dismissing the complaint. In an order dated June 23, 2017, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing that it neither created the hazardous condition that allegedly caused the fall, nor had actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Rivera v Waterview Towers, Inc., 181 AD3d 844, 845; Yarosh v Oceana Holding Corp., 172 AD3d 1142, 1143). A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case (see Seedat v Capital One Bank, 170 AD3d 769, 769; Ariza v Number One Star Mgt. Corp., 170 AD3d 639, 639).
Here, the defendants failed to establish, prima facie, that they did not create the allegedly dangerous condition that caused the plaintiff's accident (see Paar v Sky Foods Mkt., Inc., 172 AD3d 1082, 1082; Marino v Stop & Shop Supermarket Co., 21 AD3d 531, 532). The defendants' submissions in support of their motion failed to affirmatively demonstrate that the wet condition on the floor was not created by water and melted ice leaking from an asparagus display, which was adjacent to the location of the plaintiff's fall. Since the defendants failed to make a prima facie showing that they did not create the condition complained of, their motion for summary judgment dismissing the complaint should have been denied, regardless of the sufficiency of the [*2]plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court