EDJ Realty, Inc. v Siegel (2022 NY Slip Op 01147)





EDJ Realty, Inc. v Siegel


2022 NY Slip Op 01147


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-01564
 (Index No. 67058/16)

[*1]EDJ Realty, Inc., appellant,
v
Mark A. Siegel, etc., respondent.


Richard G. Monaco, South Salem, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Ronald W. Weiner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 16, 2019. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant attorney represented the plaintiff in a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief commenced in the Supreme Court, Bronx County, to review a determination of the New York State Division of Housing and Community Renewal (hereinafter DHCR). The retainer agreement between the defendant and the plaintiff specifically excluded any services in pursuit of an appeal from an adverse determination in the hybrid proceeding/action. In July 2013, the defendant moved to a new office. In an order and judgment (one paper) dated November 12, 2013 (hereinafter the order and judgment), the Supreme Court, Bronx County, in effect, dismissed the action, denied the petition, and dismissed the proceeding, determining that DHCR's determination was neither irrational nor arbitrary or capricious.
On November 21, 2013, DHCR served a copy of the order and judgment with notice of entry by regular first-class mail sent to the defendant's former address. On December 12, 2013, the defendant emailed a copy of the order and judgment to the plaintiff. The defendant did not include a copy of the notice of entry, since he had not received that document at his new address. On August 25, 2015, the plaintiff's new counsel filed a notice of appeal of the order and judgment. In an order dated November 24, 2015, the Appellate Division, First Department, granted DHCR's motion to dismiss the plaintiff's appeal as untimely.
In November 2016, the plaintiff commenced this action to recover damages for legal malpractice alleging, among other things, that because the defendant failed to advise DHCR of his change in address, the plaintiff did not receive a copy of the notice of entry and, thus, did not file a timely notice of appeal. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that his alleged negligence in failing to advise DHCR of his new address was not a proximate cause of the plaintiff's damages because the plaintiff would not have prevailed on appeal. The Supreme Court, inter alia, granted the defendant's motion, and the plaintiff appeals.
"A plaintiff seeking to recover damages for legal malpractice must prove that the [*2]defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages. A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (Bakcheva v Law Offs. of Stein & Assoc., 169 AD3d 624, 625 [internal quotation marks omitted]). "The causation element requires a showing that the injured party would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 197 AD3d at 545 [internal quotation marks omitted]). The defendant must affirmatively demonstrate the absence of one of the elements of legal malpractice (see Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871). If it is alleged that an attorney's alleged legal malpractice has prevented a plaintiff from commencing a timely appeal, then the defendant moving for summary judgment based on the absence of causation must affirmatively demonstrate that the plaintiff would not have prevailed in the appeal (see Coccia v Liotti, 70 AD3d 747; McCluskey v Gabor & Gabor, 61 AD3d 646).
Here, the defendant demonstrated, prima facie, the absence of at least one of the essential elements of the legal malpractice cause of action. In support of his motion for summary judgment dismissing the complaint, the defendant demonstrated that the plaintiff would not have prevailed in an appeal from the order and judgment (see Matter of Bluestar Props. Inc. v New York State Div. of Hous. & Community Renewal, 91 AD3d 490). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court