Provenzano v Cellino & Barnes, P.C. (2022 NY Slip Op 04749)

Provenzano v Cellino & Barnes, P.C.

2022 NY Slip Op 04749

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2018-13758
 (Index No. 18725/14)

[*1]Jenna Provenzano, appellant, 
v
Cellino & Barnes, P.C., respondent (and a third-party action).

The Cassar Law Firm, P.C., Huntington, NY (Christopher J. Cassar of counsel), for appellant.
Hurwitz & Fine, P.C., Melville, NY (Robert E. B. Hewitt and Jody E. Briandi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated August 16, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs. 
On April 19, 2010, the plaintiff, who was the store manager at the Banana Republic store at Woodbury Commons mall on Jericho Turnpike, sustained injuries when a vehicle struck her as she was crossing the street. The plaintiff had finished working for the day, and was walking toward her vehicle in the parking lot. The plaintiff testified that all Woodbury Commons employees were supposed to park in that parking lot, and that the parking lot was also used by customers. To access to the parking lot, the plaintiff had to descend some stairs, which were used by the public to access a bank and a store. The plaintiff was struck by the vehicle while she was in a road used by anyone entering or exiting the mall.
The plaintiff retained the defendant law firm to represent her in a personal injury action against the driver of the car. After the plaintiff became dissatisfied with its representation, she discharged the defendant law firm. Thereafter, the plaintiff applied for Workers' Compensation benefits. Her Workers' Compensation claim was denied as time-barred because it was filed more than two years after the accident.
On or about September 11, 2014, the plaintiff commenced this action, alleging that the defendant law firm had committed malpractice because it, among other things, failed to file for Workers' Compensation benefits on her behalf and misadvised her regarding her right to file a Workers' Compensation claim. The defendant moved for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
"'A plaintiff seeking to recover damages for legal malpractice must prove that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused [*2]the plaintiff to sustain actual and ascertainable damages. A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages'" (EDJ Realty, Inc. v Siegel, 202 AD3d 1059, 1060, quoting Bakcheva v Law Offs. of Stein & Assoc., 169 AD3d 624, 625). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 830). 
Here, the defendant demonstrated, prima facie, that the plaintiff would not have prevailed in her claim for Workers' Compensation benefits (see EDJ Realty, Inc. v Siegel, 202 AD3d 1059). The evidence established, prima facie, that the underlying accident was related to a risk shared by the general public, as opposed to a special hazard connected to the plaintiff's employment (see Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144; Matter of Johnson v New York City Tr. Auth., 182 AD3d 970, 971; Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1252; Matter of Trotman v New York State Cts., 117 AD3d 1164, 1165; Matter of Littles v New York State Dept. of Corrections, 61 AD3d 1266, 1268; Matter of Cushion v Brooklyn Botanic Garden, 46 AD3d 1095, 1096; cf. Matter of Cadme v FOJP Serv. Corp., 196 AD3d 983, 984). In opposition, the plaintiff failed to raise a triable issue of fact as to whether, inter alia, she was exposed to a special hazard.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint.
In light of our determination, we need not reach the plaintiff's remaining contentions.
BARROS, J.P., CHAMBERS, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court