Matter of Maione v Zucker (2022 NY Slip Op 06246)

Matter of Maione v Zucker

2022 NY Slip Op 06246

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-02050
 (Index No. 830/19)

[*1]In the Matter of Scott Maione, etc., et al., petitioners, 
v
Howard Zucker, etc., et al., respondents.

Louis J. Maione, New York, NY, for petitioners.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Amit R. Vora, and Elizabeth Brody of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review nine determinations of the respondent New York State Department of Health dated February 22, 2019, February 25, 2019, February 26, 2019, February 27, 2019, February 28, 2019, March 1, 2019, and March 8, 2019, respectively, which denied, after nine separate fair hearings before an administrative law judge, the petitioners' claims for Medicaid reimbursement for certain transportation, meals, and other related expenses the petitioners incurred while transporting their children to receive Medicaid covered services, and in the nature of mandamus, inter alia, to compel the respondent New York State Department of Health to reimburse the petitioners for these expenses.
ADJUDGED that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioners are the parents of disabled twins who have been Medicaid beneficiaries with coverage retroactive to their births in 2011. From 2011 through 2016, the petitioners incurred certain meal and mileage expenses while transporting the subject children to Medicaid covered medical appointments. Pursuant to, inter alia, 18 NYCRR 505.10, the petitioners submitted to the respondent New York State Department of Health (hereinafter DOH), claims for reimbursement of these transportation expenses. DOH, among other things, denied some of the petitioners' claims for transportation reimbursement and reimbursed certain other expense claims below the amounts sought by the petitioners, based upon the DOH-issued "Medicaid Transportation Program Policy Regarding Reimbursement of Travel-Related Expenses" (hereinafter the Medicaid Transportation Reimbursement Policy). The petitioners administratively appealed the reimbursement decisions before an administrative law judge (hereinafter ALJ), culminating, as is pertinent here, in nine fair hearings held pursuant to 18 NYCRR 358-5.9. Following each hearing, the ALJ upheld the DOH's determinations. The petitioners then commenced this proceeding pursuant to CPLR article 78, challenging the DOH's determinations as upheld by the ALJ, and seeking, in the nature of mandamus, immediate reimbursement of all of the Medicaid transportation expenses they incurred while transporting the subject children for Medicaid covered medical appointments from 2011 onward, and all of the Medicaid transportation expenses they will incur in the future.
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [emphasis omitted]; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199). "This doctrine applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the . . . [party to be bound] had a full and fair opportunity to litigate the issue in the earlier action'" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 347, 349).
Here, the petitioners' contentions that the DOH's determinations are arbitrary and capricious, an abuse of discretion, in violation of lawful procedure, or affected by an error of law, are precluded by the doctrine of collateral estoppel, as these same issues were raised by them and decided against them in a prior proceeding, namely Maione v Medical Answering Servs., LLC (2018 WL 4682018, 2018 US Dist LEXIS 168243 [SD NY, No. 17-CV-8106 (JMF)]), and the petitioners failed to demonstrate that they did not have a full and fair opportunity to contest the prior determination (see Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d 920, 921; Matter of Robert v O'Meara, 28 AD3d 567, 568).
In any event, the DOH's determinations were neither arbitrary and capricious, an abuse of discretion, in violation of lawful procedure, nor affected by an error of law. Contrary to the petitioners' contentions, the DOH's Medicaid Transportation Reimbursement Policy, as applied here, represents a reasonable and rational interpretation of its own regulations, and promotes the DOH's goal to efficiently allocate limited governmental resources under the Medicaid program (see Matter of Wayne Ctr. for Nursing & Rehabilitation, LLC v Zucker, 197 AD3d 1409, 1416; Matter of Exclusive Ambulette Serv., Inc. v New York State Dept. of Health, 170 AD3d 721, 723; Matter of SCO Family of Servs. v New York State Dept. of Health, 149 AD3d 753, 754; Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello, 72 AD3d 1383, 1386).
Pursuant to CPLR 7803(4), when reviewing an administrative determination with respect to a claim for Medicaid reimbursement made after a fair hearing, the court must ascertain whether there is substantial evidence supporting the determination (see Matter of Dell'Olio v New York State Off. of Temporary & Disability Assistance, 166 AD3d 614; Matter of Schaffer v Zucker, 165 AD3d 1266, 1267). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Mangels v Zucker, 168 AD3d 1060, 1061; see Matter of Kennedy v State of New York Justice Ctr. for the Protection of People with Special Needs, 204 AD3d 670, 671-672). "The petitioner bears the burden of demonstrating eligibility" (Matter of Mangels v Zucker, 168 AD3d at 1061).
Here, the DOH's determinations rejecting the petitioners' claims for reimbursement of certain meal and mileage expenses incurred by them when transporting the subject children to Medicaid covered services, based upon the distance and time requirements for meal reimbursements, application of a mileage reimbursement rate for a Medicaid recipient driven by a person who lives in the same household as opposed to a higher rate for a Medicaid recipient driven by a person who does not live in the same household, the requirement that a Medicaid beneficiary submit reimbursement claims for travel related expenses within 90 days of the trip, the rule against reimbursement for tips, the itemized original receipt requirement for meal expenses, and the specific caps on reimbursement for breakfast, lunch, and dinner, as set forth in the Medicaid Transportation Reimbursement Policy, is supported by substantial evidence (see 18 NYCRR 358-5.9[a][1]; Matter of Dell'Olio v New York State Off. of Temporary & Disability Assistance, 166 AD3d at 616; Matter of Schaffer v Zucker, 165 AD3d at 1267; Matter of German Masonic Home Corp. v Commissioner of Health of State of N.Y., 109 AD3d 917).
Accordingly, we confirm the DOH's determinations, deny the petition, and dismiss the proceeding on the merits.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court