Casey v Exum (2023 NY Slip Op 04106)

Casey v Exum

2023 NY Slip Op 04106

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-04476
 (Index No. 612051/15)

[*1]Elizabeth Casey, etc., appellant, 
v
Curtis R. Exum, etc., respondent.

Michael Blakey, Westhampton Beach, NY, for appellant.
Kaufman Dolowich Voluck, LLP, New York, NY (Anthony J. Proscia of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated June 2, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In November 2015, the plaintiff commenced this action against the defendant, her former attorney, to recover damages for legal malpractice and breach of contract arising out of the defendant's representation of her in a matrimonial action against her former spouse. The plaintiff alleged, inter alia, that, due to the defendant's malpractice, she agreed to a settlement of the matrimonial action less favorable than that she would have received as a marital distribution after a trial. The defendant moved for summary judgment dismissing the complaint. In an order dated June 2, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals. We affirm, albeit on a ground different than that relied upon by the court (see Green v Conciatori, 26 AD3d 410, 410).
A plaintiff in an action alleging legal malpractice must prove the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to suffer damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; Sang Seok NA v Schietroma, 163 AD3d 597, 598). "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (Provenzano v Cellino & Barnes, P.C., 207 AD3d 763, 764 [internal quotation marks omitted]; see Bakcheva v Law Offs. of Stein & Assoc., 169 AD3d 624, 625). If the defendant meets that burden, the burden shifts to the plaintiff to raise a triable issue of fact. To establish proximate causation, the plaintiff must show that she would have prevailed in the underlying action or would not have incurred any damages, but for the defendant attorney's negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 757). "'Mere speculation about a loss resulting from an attorney's alleged omission is [*2]insufficient to sustain a prima facie case of legal malpractice'" (Alaimo v Mongelli, 93 AD3d at 743, quoting Humbert v Allen, 89 AD3d 804, 806).
Here, the defendant established, prima facie, that he was not a proximate cause of the plaintiff's alleged damages (see Richmond Holdings, LLC v David S. Frankel, P.C., 150 AD3d 1168, 1168; Montero v Cohen, 104 AD3d 654, 655). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's claims that the defendant could have negotiated a more favorable settlement, that her former spouse would have accepted a settlement offer that was more favorable to her, or that she would have received a more favorable outcome at trial had she declined to enter into the settlement are conclusory and speculative (see Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1506; Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 910).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court