Dabiri v Porter (2024 NY Slip Op 02686)

Dabiri v Porter

2024 NY Slip Op 02686

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2020-02018
 (Index No. 8374/15)

[*1]Luqman Dabiri, appellant,
v
Kevin Porter, etc., defendant, Albert Van-Lare, etc., et al., respondents.

Law Office of Charles Nathan, P.C., Bronx, NY, for appellant.
Albert Van-Lare, New York, NY, respondent pro se.
Bartlett LLP, formerly known as Bartlett, McDonough, Bastone & Monaghan, LLP, Garden City, NY (Robert G. Vizza of counsel), respondent pro se.

DECISION & ORDER
In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated October 4, 2019. The order granted the separate motions of the defendants Albert Van-Lare and Bartlett, McDonough, Bastone & Monaghan, LLP, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In 2006, the plaintiff retained the defendant Albert Van-Lare to represent him with respect to his application for a medical license in Florida. In February 2009, the plaintiff was granted a conditional license (hereinafter the February 2009 order), inter alia, requiring the plaintiff to practice for one year under the direct supervision of a licensed physician approved by the Florida Board of Medicine (hereinafter the Board). The plaintiff waived his right to a hearing regarding the Board's decision to impose conditions on his license. The plaintiff practiced under the direct supervision of an approved physician for approximately eight months.
In June 2011, the plaintiff retained the defendant Bartlett, McDonough, Bastone & Monaghan, LLP (hereinafter Bartlett), to represent him with respect to his application to remove the conditions of the February 2009 order and obtain a permanent license to practice medicine without restriction in Florida. The plaintiff's application to remove the conditions of the February 2009 order was denied. In February 2012, the Board granted temporary approval of a new physician, David A. Marcentel, to serve as the plaintiff's supervisor. In April 2012, after a hearing attended by Bartlett, the plaintiff was granted final approval for Marcentel to serve as his supervisor, and a practice plan was developed. However, the Board subsequently discovered that the plaintiff had been working with Marcentel from November 2011 through February 2012, prior to the Board's grant of temporary approval.
In August 2012, the plaintiff discharged Bartlett and again retained Van-Lare to represent him in connection with an administrative complaint filed against him for his violation of the February 2009 order. The plaintiff ultimately agreed to settle the proceeding against him and accept a reprimand and fine.
In September 2015, the plaintiff commenced this action to recover damages for legal malpractice and breach of contract. Van-Lare and Bartlett (hereinafter together the defendants) thereafter separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated October 4, 2019, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
"A plaintiff in an action alleging legal malpractice must prove the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to suffer damages" (Casey v Exum, 219 AD3d 456, 456-457). "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (id. at 457 [internal quotation marks omitted]). Here, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging legal malpractice insofar as asserted against each of them. Each defendant made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that they were not the proximate cause of the plaintiff's alleged damages for loss of income (see id.). In opposition, the plaintiff failed to raise a triable issue of fact (see Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, 303 AD2d 561, 562).
Likewise, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against each of them. Contrary to the plaintiff's contention, the breach of contract cause of action was duplicative of the legal malpractice cause of action insofar as asserted against each of the defendants, and therefore subject to dismissal (see Lam v Weiss, 219 AD3d 713, 718; Joseph v Fensterman, 204 AD3d 766, 771; Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen, 303 AD2d at 562).
The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court