Caminero v Michael Flynn, Esq., PLLC. (2025 NY Slip Op 03701)

Caminero v Michael Flynn, Esq., PLLC.

2025 NY Slip Op 03701

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-08716
 (Index No. 615278/19)

[*1]Marisol Caminero, respondent, 
v
Michael Flynn, Esq., PLLC., et al., appellants.

Marshall Dennehey, P.C., New York, NY (Nicholas P. Chrysanthem and Diane K. Toner of counsel), for appellants.
Rheingold Giuffra Ruffo & Plotkin LLP, New York, NY (Jeremy A. Hellman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered June 22, 2023. The order denied the defendants' motion for summary judgment dismissing the cause of action alleging legal malpractice.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for legal malpractice. The plaintiff alleged that she had retained the defendants to represent her in an action that she commenced pursuant to the Federal Employers' Liability Act (45 USC § 51 et seq.) (hereinafter the FELA action). The plaintiff had asserted the FELA action against the Metropolitan Transportation Authority (hereinafter the MTA) to recover damages for personal injuries she allegedly sustained on two different dates while she was working as a police officer employed by the MTA. The plaintiff further alleged that she would have prevailed in the FELA action, which was dismissed, with prejudice, for failure to prosecute, but for the defendants' negligent failure to prosecute that action. Thereafter, the defendants moved for summary judgment dismissing the cause of action alleging legal malpractice. In an order entered June 22, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
"'A plaintiff in an action alleging legal malpractice must prove the defendant attorney's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to suffer damages'" (Dabiri v Porter, 227 AD3d 860, 861, quoting Casey v Exum, 219 AD3d 456, 456-457). "To establish proximate causation, the plaintiff must show that [he or] she would have prevailed in the underlying action . . . but for the defendant attorney's negligence" (Casey v Exum, 219 AD3d at 457; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442). "'A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages'" (Casey v Exum, 219 AD3d at 457 [internal quotation marks omitted], quoting Provenzano v Cellino & Barnes, P.C., 207 AD3d 763, 764).
Contrary to the defendants' contention, they failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging legal malpractice based upon the doctrine of collateral estoppel. "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [emphasis omitted]; see Matter of Maione v Zucker, 210 AD3d 776, 777). "'This doctrine applies only if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the . . . party to be bound had a full and fair opportunity to litigate the issue in the earlier action'" (Matter of Maione v Zucker, 210 AD3d at 777 [alteration and internal quotation marks omitted], quoting City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128).
Here, the defendants asserted that in light of the denial of an application by the plaintiff for accidental disability retirement benefits and the dismissal of the plaintiff's proceeding pursuant to CPLR article 78 to review the denial of that application, the plaintiff was collaterally estopped from claiming that she suffered a work-related injury. Therefore, the defendants argued that the plaintiff could not establish that she would have prevailed in the FELA action but for the defendants' alleged negligent failure to prosecute that action. Contrary to the defendants' contention, however, the defendants failed to demonstrate an identity of issues between the FELA action and the determination of either the plaintiff's application for accidental disability retirement benefits or the CPLR article 78 proceeding (see Weslowski v Zugibe, 167 AD3d 972, 975). Whereas the FELA action involved the issue of whether the MTA's alleged negligence played any part in producing the injuries for which the plaintiff sought damages (see Rogers v Missouri Pacific R. Co., 352 US 500, 506; Grasso v Long Is. R.R., 306 AD2d 378, 379), that issue was not litigated and necessarily decided against the plaintiff either in the context of her application for accidental disability retirement benefits or in the CPLR article 78 proceeding (see Kenny v New York City Tr. Auth., 275 AD2d 639, 640). Thus, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging legal malpractice based upon the doctrine of collateral estoppel.
The defendants also failed to establish, prima facie, that the MTA neither created nor had actual or constructive notice of the alleged dangerous conditions at issue in the FELA action (see Lauzon v Stop & Shop Supermarket, 188 AD3d 856, 857; Ariza v Number One Star Mgt. Corp., 170 AD3d 639, 639). Thus, the defendants failed to demonstrate, prima facie, that the plaintiff would not have prevailed in the FELA action but for their alleged failure to prosecute that action (see Detoni v McMinkens, 147 AD3d 1018, 1020).
Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging legal malpractice, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the cause of action alleging legal malpractice.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court