Saracino v Rosenberg, Calica & Birney, LLP (2025 NY Slip Op 06205)

Saracino v Rosenberg, Calica & Birney, LLP

2025 NY Slip Op 06205

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-06140
2024-02578
 (Index No. 608793/22)

[*1]Gaspare Saracino, et al., respondents, 
v
Rosenberg, Calica & Birney, LLP, appellant.

Rivkin Radler LLP, Uniondale, NY (Evan H. Krinick, David S. Wilck, Avigael C. Fyman, and Henry Mascia of counsel), for appellant.
Edwin T. Mulhern, Garden City, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered June 29, 2023, and (2) an order of the same court entered February 7, 2024. The order entered June 29, 2023, denied the defendant's motion for summary judgment dismissing the complaint and granted the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint. The order entered February 7, 2024, insofar as appealed from, upon reargument, adhered to the prior determinations in the order entered June 29, 2023, denying the defendant's motion for summary judgment dismissing the complaint and granting the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order entered June 29, 2023, is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is granted, the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint is denied, and so much of the order entered February 7, 2024, as, upon reargument, adhered to the prior determinations in the order entered June 29, 2023, denying the defendant's motion for summary judgment dismissing the complaint and granting the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint is vacated; and it is further,
ORDERED that the appeal from the order entered February 7, 2024, is dismissed as academic in light of our determination on the appeal from the order entered June 29, 2023; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In July 2022, the plaintiffs commenced this action against the defendant, alleging, among other things, that the defendant committed legal malpractice in its representation of the plaintiffs in certain litigation (hereinafter the underlying actions). The defendant moved for summary judgment dismissing the complaint. The plaintiffs opposed and cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint to assert additional causes of action to recover [*2]damages for breach of contract and unjust enrichment and for money had and received. In an order entered June 29, 2023 (hereinafter the June 2023 order), the Supreme Court denied the defendant's motion and granted the plaintiffs' cross-motion.
Thereafter, the defendant moved for leave to reargue its prior motion and its opposition to the plaintiffs' prior cross-motion. The plaintiffs opposed. In an order entered February 7, 2024 (hereinafter the February 2024 order), the Supreme Court, inter alia, upon reargument, adhered to its prior determinations in the June 2023 order. The defendant appeals.
A plaintiff in an action alleging legal malpractice must prove that the defendant's failure to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession proximately caused the plaintiff to suffer damages (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49; Casey v Exum, 219 AD3d 456, 456-457). "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if 'but for' the attorney's negligence the plaintiff would have succeeded on the merits of the underlying action, or would not have sustained actual and ascertainable damages" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d at 50 [citation and internal quotation marks omitted]). "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (Provenzano v Cellino & Barnes, P.C., 207 AD3d 763, 764 [internal quotation marks omitted]).
Here, the defendant met its burden by establishing, prima facie, that it did not fail to exercise the requisite skill and knowledge in its representation of the plaintiffs in the underlying actions. The defendant also established, prima facie, that, in any event, its alleged negligence in, inter alia, filing mechanic's liens on behalf of the plaintiffs rather than pursuing arbitration did not proximately cause the plaintiffs' damages.
In opposition, the plaintiffs failed to raise a triable issue of fact (see Sang Seok Na v Schietroma, 163 AD3d 597, 599; Richmond Holdings, LLC v David S. Frankel, P.C., 150 AD3d 1168, 1168-1169). Moreover, the plaintiffs failed to address those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty, fraud, and violation of Judiciary Law § 487 (see Clarke v New York City Health & Hosps., 210 AD3d 631, 633; Elstein v Hammer, 192 AD3d 1075, 1079-1080).
The plaintiffs' contention that the defendant's motion for summary judgment was premature is without merit (see Wei Ping Zheng v Sun & Son, Inc., 233 AD3d 733). Thus, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
Although a motion for leave to amend pleadings should be freely granted, a proposed amendment that is palpably insufficient or patently devoid of merit should be denied (see CPLR 3025[b]; Urias v Daniel P. Butaffuoco & Assoc., PLLC, 173 AD3d 1244, 1245, affd 41 NY3d 560). Here, the proposed cause of action to recover damages for breach of contract was duplicative of the legal malpractice cause of action, as it was based on the same set of facts and did not allege distinct damages (see Alexim Holdings, LLC v McAuliffe, 221 AD3d 641, 644; Urias v Daniel P. Butaffuoco & Assoc., PLLC, 173 AD3d at 1245). The proposed causes of action to recover damages for unjust enrichment and for money had and received, as remedies based in quasi contract, were devoid of merit, as those proposed causes of action were barred by the applicable written retainer agreements (see Hart v Rosenthal, 173 AD3d 695, 698; Gargano v Morey, 165 AD3d 889, 891-892).
Accordingly, the Supreme Court should have denied the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint.
In light of our determination, we vacate so much of the February 2024 order as, upon reargument, adhered to the prior determinations in the June 2023 order denying the defendant's [*3]motion for summary judgment dismissing the complaint and granting the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint, and dismiss the appeal from the February 2024 order as academic.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court