■ JOSEPH DeNATALE, Appellant, v MICHAEL G. SANTANGELO et al., Defendants, and RONALD A. BALL et al., Respondents. [884 NYS2d 868]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, West-

chester County (Colabella, J.), entered February 28, 2008, which granted the motion of the defendants Ronald A. Ball, Wayne N. Rubin, and Ball & Rubin, LLP, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove "that the defendant-attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community," and "that the defendant-attorney's negligence was a proximate cause of damages" (*Barnett v Schwartz,* 47 AD3d 197, 203-204 [2007]).

The retainer agreement prepared by the defendant law firm, and executed by the plaintiff, recited that the firm's representation of the plaintiff was limited to the defense of a civil action to recover damages for assault and battery, and the prosecution of a counterclaim against one individual, and not to the prosecution of counterclaims or separate plenary actions against other individuals or entities (*see Peak v Bartlett, Pontiff, Stewart & Rhodes, P.C.,* 28 AD3d 1028 [2006]). As such, the motion of the law firm and two of its members to dismiss the complaint insofar as asserted against them was properly granted (*see Mountain Lion Baseball v Gaiman,* 263 AD2d 636 [1999]).

In addition, viewing the complaint in the light most favorable to the plaintiff (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), it failed to set forth allegations sufficient to state a claim that the negligence of the law firm and its two members was a proximate cause of his failure to obtain a more favorable result in the underlying civil action (*see Barnett v Schwartz,* 47 AD3d at 203-204).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Covello and Belen, JJ., concur.