■ ELIZABETH GARZA et al., Respondents, v 508 WEST 112TH STREET, INC., et al., Appellants. [899 NYS2d 150]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered March 6, 2009, after a nonjury trial, declaring that the subject roof terrace was part of plaintiffs' rent-stabilized tenancy, unanimously affirmed, with costs.

"In a nonjury trial, ' "the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" ' " (*Watts v State of New York*, 25 AD3d 324 [2006], quoting *Thoreson v Penthouse Intl.*, 179 AD2d 29, 31 [1992], *affd* 80 NY2d 490 [1992]).

Here, based upon the language of the two leases, the trial testimony, the physical layout, and the parties' long-term conduct, the court properly determined that the "roof terrace" was part of the demised premises which use was not de minimis (*see Conforti v Goradia*, 234 AD2d 237 [1996]). The 1982 lease expressly referred to a "roof terrace" and both the 1982 and 1989 leases described the demised premises to include "a terrace, if any." Further, plaintiffs had used the roof exclusively with the consent of the landlord since 1982 and accessed the

space through two full-sized doors from their apartment, with no other public access to the space except for a fire door for which only the owner and plaintiffs had keys.

We have considered defendants remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Moskowitz, Freedman, Richter and Román, JJ.