■ PAULA ANN HALLMAN, Appellant, v HERBERT C. KANTOR et al., Respondents. [901 NYS2d 284]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered February 5, 2009, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), if the documentary evidence submitted by the defendant "utterly refutes [the] plaintiff's factual allegations" and conclusively establishes a defense to the asserted claims as a matter of law, the motion may be granted (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Further, on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must determine whether, accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible inference, the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Applying these principles here, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

The defendants submitted a retainer agreement reflecting that the plaintiff "understood, accepted and agreed" that the "scope of" their "engagement" was "to represent" her as a coexecutor of her deceased father's estate. This documentary evidence conclusively established a defense to the plaintiff's claims of malpractice. The plaintiff alleged that she was the subject of a pending lawsuit, in effect, to recover sums of money due under certain notes she executed before her father died, and that the defendants committed legal malpractice by, inter alia, failing to speak with her "about the circumstances surrounding [her] signing of [those] notes," and failing to "question[ ]" their "validity." However, the documentary evidence demonstrated that the plaintiff's individual liability on the notes was a matter outside of the scope of the defendants' representation of the

plaintiff in her capacity as co-executor of the estate (see CPLR 3211 [a] [1]; *AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 435 [2007]; *DeNatale v Santangelo*, 65 AD3d 1006, 1007 [2009]; *Turner v Irving Finkelstein & Meirowitz, LLP*, 61 AD3d 849, 850 [2009]).

Furthermore, the complaint fails to allege facts sufficient to establish that the plaintiff's alleged damages were proximately caused by any acts or omissions of the defendants (see CPLR 3211 [a] [7]; *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Wald v Berwitz*, 62 AD3d 786 [2009]). Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur. **[Prior Case History: 22 Misc 3d 1123(A), 2009 NY Slip Op 50257(U).]**