■ SARAH STACKPOLE, M.D., Appellant, v COHEN, EHRLICH & FRANKEL, LLP, Respondent. [920 NYS2d 31]—

This legal malpractice action arises from defendant's representation of plaintiff in connection with her purchase of a coop-

erative apartment that she intended to use as a medical office. Plaintiff alleged that defendant was negligent in failing to advise her, before she closed on the purchase, that the certificate of occupancy did not permit the use of the apartment as a professional space, and that, as a result of this negligence, she was forced to expend large sums of money to amend the certificate of occupancy and make certain alterations.

The record supports the trial court's finding, based on credibility determinations, that plaintiff failed to prove that defendant did not advise her that her intended use of the apartment was impermissible under the certificate of occupancy (*see Garza v 508 W. 112th St., Inc.*, 71 AD3d 567 [2010]). To the extent that defendant was negligent in failing to further advise plaintiff of the consequences of occupying a cooperative apartment in contravention of the certificate of occupancy, plaintiff failed to prove that, but for defendant's negligence, she would not have purchased the apartment. To the contrary, plaintiff testified that she had been made aware of the "horrors" (including the cost) of amending a certificate of occupancy several years before in connection with an apartment in another building; despite this awareness, she purchased the subject apartment (*see e.g. AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 435-436 [2007]; *Orchard Motorcycle Distribs., Inc. v Morrison Cohen Singer & Weinstein, LLP*, 49 AD3d 292 [2008]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and Freedman, JJ.