■ ELEANOR CAPOGROSSO, Appellant, v JONATHAN M. LANDSMAN, Respondent. [919 NYS2d 899]—

In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 7, 2009, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant represented the plaintiff, an attorney, in a

prior action. Following a trial in the prior action, judgment was entered against the plaintiff. The defendant filed a notice of appeal on the plaintiff's behalf and then withdrew as her counsel in the action. The plaintiff proceeded pro se, perfected the appeal, and the Appellate Division, First Department, affirmed the judgment against the plaintiff (*see Capogrosso v Reade Broadways Assoc.*, 63 AD3d 414 [2009]).

Subsequently, the plaintiff commenced this legal malpractice action against the defendant, alleging, inter alia, that the defendant failed to turn over the case file from the prior action, and that this failure prevented the plaintiff from perfecting her appeal. The defendant moved, among other things, to dismiss the complaint pursuant to CPLR 3211 (a) (1), asserting that the plaintiff had, in fact, perfected her appeal and lost. In addition, the defendant contended that he had a retaining lien on the case file in the prior action because the plaintiff owed him substantial fees for his services. In response, the plaintiff argued that she was forced to bring an appeal limited to a single issue because she was unable to construct a complete record for the appeal in the absence of the defendant's file. The Supreme Court, inter alia, granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1), and the plaintiff appeals. We affirm the order insofar as appealed from.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), if the documentary evidence submitted by the defendant "utterly refutes [the] plaintiff's factual allegations" and conclusively establishes a defense to the asserted claims as a matter of law, the motion should be granted (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the materials submitted by the defendant in support of his motion refuted the plaintiff's allegations and established a defense as a matter of law. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) (*see DiGiacomo v Levine*, 76 AD3d 946, 949 [2010]; *Hallman v Kantor*, 72 AD3d 895, 896 [2010]; *Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640 [2008]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.