■ 180 E. 88TH ST. APARTMENT CORP. et al., Appellants, v LAW OFFICE OF ROBERT JAY GUMENICK, P.C., et al., Respondents/ Counterclaim Plaintiffs-Appellants. 180 E. 88TH ST. APARTMENT CORP. et al., Counterclaim Defendants-Respondents. [923 NYS2d 474]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered December 22, 2010, which granted defendants Law Office of Robert Jay Gumenick, P.C. and Robert J. Gumenick's (collectively, the law firm) motion for summary judgment dismissing the complaint, and granted plaintiffs/ counterclaim-defendants' (collectively, A-Corp) motion for summary judgment dismissing the law firm's counterclaims, unanimously affirmed, without costs.

Initially, the claims of plaintiff cooperative shareholders were properly dismissed, as the law firm, which was retained solely by the corporate plaintiff, owed a duty only to the corporate

plaintiff to draft the contract of sale for A-Corp's 10-unit residential building, and not to the shareholders (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561-562 [2009]). We find no evidentiary support for the shareholders' argument that special circumstances existed (i.e., alleged "unity-of-interest") to allow the shareholders to assert a claim for legal malpractice against the law firm (*see generally AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 595 [2005]).

The motion court correctly found that the clear language of the parties' retainer agreement undermined A-Corp's legal malpractice claim that the law firm had failed to structure the contract of sale with tax implications considered, or to have at least advised them to look into the tax issues underlying the sale. The retainer agreement provided that the law firm would not provide tax advice in connection with its drafting of the sale documents, but that it would be available to discuss such issue with A-Corp's tax advisor/accountant (*see generally AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428 [2007]). In any event, A-Corp's argument that "but for" the law firm's negligence it would not have suffered a capital gains tax loss is speculative and otherwise unsubstantiated by the record (*see generally Stackpole v Cohen, Ehrlich & Frankel, LLP*, 82 AD3d 609 [2011]; *compare Escape Airports [USA], Inc. v Kent, Beatty & Gordon, LLP*, 79 AD3d 437 [2010]).

The motion court's dismissal of the law firm's counterclaims for contribution and indemnification from the corporate board and its members named as counterclaim defendants was proper, inasmuch as the challenged action by the board was undertaken in good faith and within its capacity as representative of the co-operative corporation and, in any event, such claims by the law firm may only be asserted against a culpable client by way of an affirmative defense, as a mitigating factor in the attorney's negligence (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 305 n 2 [2001]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ.