■ HUSSEIN ENVIRONMENT, INC., Also Known as CLEOPATRA'S NEEDLE, Appellant, v ROXBOROUGH APARTMENTS CORP. et al., Respondents. [938 NYS2d 23]—

Plaintiff operates a restaurant called Cleopatra's Needle at premises leased from defendant Roxborough's predecessor in interest at 2483-85 Broadway in Manhattan. The lease states that plaintiff shall use the premises for "a table cloth restaurant operation serving only so-called 'Middle Eastern' and/or seafood menu, and, at Tenant's sole option, including liquor and/or beer and wine service." Pursuant to Article 43 of the lease, the building owner agreed not to enter into any lease containing a use clause "substantially identical" to the use clause.

At the time that plaintiff entered into the lease, defendant Katouna was operating a pizzeria called Perfecto Ristorante in the same building. Perfecto consisted of a few tables and a counter along one side of the space, with an oven, grill, and refrigerator behind it. Plaintiff commenced this action after Katouna expanded Perfecto, began operating a full bar and an unenclosed sidewalk café that abutted Cleopatra's Needle's enclosed sidewalk café, and installed awnings with the words "Mediterranean Cuisine" and "Brick Oven Pizza * Caffe * Bar" on them.

Plaintiff argues that Katouna competed with every aspect of its operation of Cleopatra's Needle by converting Perfecto from a small take-out pizzeria to an eat-in restaurant serving food similar to that served by Cleopatra's Needle, with a full liquor license and outdoor sidewalk café. However, nothing in the restrictive covenant prohibits Roxborough from permitting Perfecto to operate a sidewalk café. Nor, under the circumstances, was Perfecto's procurement of a liquor license inconsistent with Roxborough's covenant. Perfecto offers a more casual dining experience than that offered by Cleopatra's Needle (a table cloth restaurant) and, in contrast to Cleopatra's Needle, does not provide live entertainment or hold happy hours, and is closed by midnight. Given the different ambiance of the two restaurants, the mere fact that both have bars is insufficient to

render Perfecto's use of its space inconsistent with Roxborough's covenant (*see Topol v Smoleroff Dev. Corp.*, 264 App Div 164, 167 [1942]). Furthermore, Perfecto's bar operation is incidental to its restaurant operation, while Cleopatra's Needle's bar operation plays an integral part in its business (*see Waldorf-Astoria Segar Co. v Salomon*, 109 App Div 65, 68-69 [1905], *affd* 184 NY 584 [1906]).

Nonetheless, by increasing Perfecto's seafood offerings, installing the new awnings, and altering its logo, Katouna brought Perfecto into the realm of a more formal Mediterranean restaurant than the casual Italian restaurant it had been, thereby rendering its use of the space inconsistent with the restrictive covenant.

Plaintiff's argument that Katouna should have been permanently enjoined from using the expanded space as a restaurant is unavailing. To the extent the covenant was violated, an injunction would not be proper because the record shows that Katouna had no notice of the covenant (*see Fox v Congel*, 75 AD2d 681, 682 [1980]). Plaintiff's argument that Roxborough should have been enjoined from granting a lease permitting the rented space to be used as a restaurant is moot, since Roxborough had already granted a lease to Katouna. In any event, the court's finding that Roxborough did not willfully violate the covenant is supported by the evidence (*see Garza v 508 W. 112th St., Inc.*, 71 AD3d 567 [2010]).

In view of that finding, plaintiff's claim for money damages based on wilful and intentional violation of the covenant fails. Even if the court erred in refusing to admit evidence of Perfecto's post-expansion sales to prove plaintiff's lost profits, the error was harmless, since the evidence would not have established with certainty the sales that plaintiff lost as a result of the breach of the covenant (*see Borne Chem. Co. v Dictrow*, 85 AD2d 646, 650 [1981]). The covenant was violated only to the extent stated above, and plaintiff failed to submit any financial records showing loss of profits. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.