■ ISLAND PROPERTIES & EQUITIES, LLC, et al., Respondents-Appellants, v MICHAEL S. COX, Appellant-Respondent. [939 NYS2d 707]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.H.O.), dated April 13, 2010, as, upon a decision of the same court dated July 7, 2009, made after a nonjury trial, is in favor of the plaintiff All Town Real Estate Associates, Inc., on the third cause of action and against him in the principal sum of $14,000, and is in favor of the plaintiff Island Properties and Equities, LLC, on the fifth cause of action and against him in the principal sum of $50,000, and the plaintiffs cross-appeal from so much of the judgment, as, upon the decision, is in favor of the defendant and against them dismissing the first and fourth causes of action.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is modified, on the facts, by reducing the award to the plaintiff All Town Real Estate Associates, Inc., from the principal sum of $14,000 to the principal sum of $12,334.76; as so modified, the judgment is affirmed insofar as appealed from by the defendant; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In order to prevail in an action to recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Leone v Silver & Silver, LLP*, 62 AD3d 962 [2009]; *Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721, 722 [2008]; *Velie v Ellis Law, P.C.*, 48 AD3d 674, 675 [2008]). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence (*see Carrasco v Pena & Kahn*, 48 AD3d 395, 396 [2008]).

In connection with the third cause of action, the plaintiff All Town Real Estate Associates, Inc. (hereinafter All Town), established that, but for the defendant's negligence in failing to correct a motion in a foreclosure action to confirm a referee's report and for distribution of surplus funds, where the motion had been rejected by the Supreme Court after the defendant filed it, All Town would have received the surplus funds deposited with a county treasurer after the real property in question had been foreclosed upon. However, since the evidence established that the amount of the surplus funds was $12,334.76, as opposed to $14,000, we modify the judgment accordingly.

With respect to the fifth cause of action, the evidence established that the defendant negligently delayed recording a mortgage on certain real property which secured a $50,000 loan from the plaintiff Island Properties & Equities, LLC (hereinafter Island). This delay allowed the borrower to refinance a first mortgage on the property without satisfying Island's mortgage, and ultimately rendered Island's mortgage worthless. We reject the defendant's contention that the damages sustained by Island were speculative.

The defendant's remaining contention is without merit.

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586 [2009]), as the brief filed by the respondents-appellants does not seek reversal of any portion of the judgment. Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.