■ ROBERT RUBIN, Respondent, v ADRIAN GEORGE, Appellant, et al., Defendant. [24 NYS3d 287]—

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered August 29, 2014, as amended September 16, 2014, after a nonjury trial, which, to the extent appealed from, granted plaintiff a judgment of foreclosure, ordered that the mortgaged premises be sold in one parcel at public auction, and struck defendant's defenses and counterclaims, including the affirmative defense of usury, unanimously affirmed, without costs.

A loan transaction is usurious under criminal law when it imposes an annual interest rate exceeding 25% (Penal Law § 190.40; *see also Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc.*, 105 AD3d 178, 184 [1st Dept 2013] [finding that the effective rate of interest, 36.09%, exceeded the legal rate]). The amount charged, taken or received as interest includes any and all amounts paid or payable, directly or indirectly, by any person to or for the account of the lender in consideration for making the loan or forbearance, excepting certain costs and fees (General Obligations Law § 5-501 [2]; *see also Blue Wolf Capital Fund II*, 105 AD3d at 183). Here defendant failed to meet his burden of proving usury by clear and convincing evidence (*Freitas v Geddes Sav. & Loan Assn.*, 63 NY2d 254, 261 [1984]).

The trial court fairly interpreted the evidence (*see Garza v 508 W. 112th St., Inc.*, 71 AD3d 567, 567 [1st Dept 2010]) to credit the brokerage agreement document found on the computer and in the file of the closing law firm as the one which was actually used in 2007; that document recorded the brokerage fee as $27,000, not the purported $250,000. Further, the findings rest in large measure on witness credibility (*see Thoreson v Penthouse Intl.*, 179 AD2d 29, 31 [1st Dept 1992], *affd* 80 NY2d 490 [1992]), which the trial court, as factfinder, was in the best position to determine. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.