Schmidt v Burner (2022 NY Slip Op 01191)





Schmidt v Burner


2022 NY Slip Op 01191


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2018-14080
 (Index No. 14892/14)

[*1]Frederick Schmidt, etc., appellant,
v
Nancy Burner, et al., respondents.


Greshin, Ziegler & Amicizia, P.C., Smithtown, NY (Vincent M. Amicizia of counsel), for appellant.
The Kritzer Law Group, Smithtown, NY (Karl Zamurs of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff, as executor of the estate of Evelyn Schmidt, appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 9, 2018. The order, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the amended complaint is denied.
In or about March 2013, the decedent, Evelyn Schmidt, retained the legal services of the defendants for estate planning purposes. At the time, the decedent owned, among other things, two bank accounts held in trust for the decedent's sons, the plaintiff, Frederick A. Schmidt, and Peter Schmidt. The decedent allegedly informed the defendants that upon her death, she did not want Peter to receive any of her assets, and that she wanted $1,000 of her assets to go to her sister-in-law's daughter and her remaining assets to go to the plaintiff. On April 1, 2013, the decedent executed a last will and testament (hereinafter the will), which, among other things, nominated the plaintiff as sole executor, and provided that all of the decedent's probate estate pour-over into the Evelyn Schmidt Irrevocable Trust (hereinafter the irrevocable trust). On that same day, the decedent executed the irrevocable trust, which appointed the plaintiff as sole trustee, and provided that after the decedent's death, the plaintiff, as "Trustee[,] shall distribute the remaining trust property to [the plaintiff] outright, free of trust." The irrevocable trust stated that the decedent was "specifically disinheriting Peter Schmidt and his descendants." The defendants drafted the will and the irrevocable trust.
On April 7, 2013, the decedent died. Thereafter, the plaintiff was appointed executor of the decedent's estate. The Surrogate's Court issued letters testamentary to the plaintiff. In or about July 2014, the plaintiff, as executor of the decedent's estate, commenced this action alleging, inter alia, that the defendants provided negligent legal advice to the decedent with regard to her estate planning. Thereafter, the plaintiff was granted leave to amend the complaint.
In the amended complaint and the bill of particulars, the plaintiff alleged, inter alia, [*2]that prior to the decedent's death, the decedent and the plaintiff informed the defendants that the decedent had "two bank accounts maintained at Apple Bank which, collectively, contained almost $600,000," and that these accounts were Totten Trusts. The amended complaint and the bill of particulars alleged that the defendants prepared an estate plan for the decedent that did not reflect her wishes because the proceeds of the Totten Trusts did not pass through the decedent's estate, were not made part of the irrevocable trust upon her death, and were distributed to both the plaintiff and Peter. The amended complaint and the bill of particulars alleged, inter alia, that the defendants negligently failed to plan for the distribution of the decedent's assets in accordance with her instructions, to investigate and conduct due diligence concerning the nature of the Totten Trusts, and to ensure that the decedent had terminated the Totten Trusts prior to her death. The plaintiff alleged that but for the defendant's negligence, the irrevocable trust "would have received a distribution of all of the assets of [the decedent]," with the exception of a $1,000 bequest to the decedent's sister-in-law's daughter.
The defendants moved, inter alia, for summary judgment dismissing the amended complaint. In an order dated October 9, 2018, the Supreme Court, in effect, granted that branch of the defendants' motion. The court stated that the "defendants have demonstrated that any alleged malpractice did not cause the estate to sustain actual and ascertainable damages." The plaintiff appeals.
To succeed on a motion for summary judgment dismissing a legal malpractice action, a defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied (see Buczek v Dell & Little, LLP, 127 AD3d 1121, 1123; Valley Ventures, LLC v Joseph J. Haspel, PLLC, 102 AD3d 955, 956). Those elements require a showing that (1) the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Bells v Foster, 83 AD3d 876, 877; see also Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 845). The causation element requires a showing that the injured party "'would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence'" (Bells v Foster, 83 AD3d at 877, quoting Kennedy v H. Bruce Fischer, Esq., P.C., 78 AD3d 1016, 1018 [internal quotation marks omitted]). The defendant must affirmatively demonstrate the absence of one of the elements of legal malpractice, rather than merely pointing out gaps in the plaintiff's proof (see Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871).
The Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the amended complaint. The defendants failed to submit sufficient evidence establishing, prima facie, that they exercised the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession. In addition, the court erred in determining that the defendants established, prima facie, that the decedent's estate did not sustain actual and ascertainable damage as a result of the defendants' alleged negligence in failing to advise the decedent to revoke the Totten Trusts prior to her death.
The defendants' remaining contention is without merit.
Since the defendants failed to make their prima facie showing, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court