Chicas v Cassar (2023 NY Slip Op 00202)

Chicas v Cassar

2023 NY Slip Op 00202

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-11106
 (Index No. 604647/17)

[*1]Julio Chicas, appellant-respondent, 
v
Christopher J. Cassar, etc., et al., respondents-appellants.

Victor A. Carr, Mineola, NY (Thomas J. Stock of counsel), for appellant-respondent.
The Cassar Law Firm, P.C., Huntington, NY (Christopher J. Cassar of counsel), respondent-appellant pro se and for respondent-appellant Christopher J. Cassar.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated August 22, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2015, the plaintiff retained the defendants to represent him in a personal injury action arising from a motor vehicle accident that occurred on May 4, 2015. The defendants settled the personal injury action for the tortfeasor's policy limit in the amount of $50,000. The defendants took one-third of the recovery as their fee, totaling $16,644.08, plus $22.59 in disbursements, and paid the remaining amount of $33,333.33 to the New York State Insurance Fund to satisfy a workers' compensation lien. The plaintiff received none of the proceeds. The plaintiff thereafter substituted the law firm of Victor A. Carr & Associates for the defendants. Through his new counsel, the plaintiff settled a Supplemental Underinsured Motorist (hereinafter SUM) claim with his employer's insurance carrier for the policy limit in the amount of $50,000, and executed a release for the SUM claim.
The plaintiff's new counsel commenced the instant action against the defendants alleging legal malpractice on the ground that the defendants failed to investigate and pursue recovery from, among others, the alleged tortfeasor personally. The defendants moved for summary judgment dismissing the complaint and, pursuant to 22 NYCRR 130-1.1. to impose sanctions against the plaintiff and his counsel. The plaintiff opposed the defendants' motion. The Supreme Court granted [*2]that branch of the defendants' motion which was for summary judgment dismissing the complaint, but denied that branch of their motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel. The plaintiff appeals, and the defendants cross-appeal.
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 716). "The plaintiff is required to plead actual, ascertainable damages that resulted from the attorneys' negligence" (id. at 716 [internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that the plaintiff had no actual or ascertainable damages. "The defendant must affirmatively demonstrate the absence of one of the elements of legal malpractice" (EDJ Realty, Inc. v Siegel, 202 AD3d 1059, 1060). The complaint alleged that the damages included the failure to pursue SUM benefits, as well as the failure to pursue recovery against the alleged tortfeasor. Since it was alleged herein, inter alia, that the defendants' legal malpractice prevented the plaintiff from obtaining a judgment against the alleged tortfeasor, the defendants had the burden of affirmatively demonstrating that the plaintiff would not have prevailed against the alleged tortfeasor or that the alleged tortfeasor did not have personal assets such that his motorist insurance policy limit that was recovered in the amount of $50,000, was the maximum judgment that could have been obtained from him (see id. at 1060). The defendants failed to do so. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
However, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel for commencing a frivolous action against them. Frivolous conduct, as defined under 22 NYCRR 130-1.1(c), is conduct which "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; . . . is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or . . . asserts material factual statements that are false." "The decision of whether to award sanctions and the amount or nature of those sanctions is generally entrusted to the trial court's sound discretion" (Yinuo Yin v Xiao Feng Qiao, 203 AD3d 996, 998 [internal quotation marks omitted]).
Here, the defendants have failed to show that commencing this action was frivolous under 22 NYCRR 130-1.1. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff and his counsel.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court