Kohler v Polsky (2023 NY Slip Op 04373)

Kohler v Polsky

2023 NY Slip Op 04373

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BARRY E. WARHIT, JJ.

2020-07950
 (Index No. 502604/14)

[*1]James Kohler, et al., appellants, 
v
Mark S. Polsky, et al., respondents.

Segan, Nemerov, Singer, Sonin & Tancer, P.C. (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellants.
Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Barry G. Margolis and Andrew W. Gefell of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 28, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging legal malpractice and loss of consortium and denied those branches of the plaintiffs' cross-motion which were for summary judgment on those causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2009, the plaintiff James Kohler (hereinafter the plaintiff) injured his knee when he slipped and stepped into a hole while working on a tunnel construction project. The same month, upon his physician's recommendation, the plaintiff met with the defendant Mark S. Polsky, an attorney with the defendant Polsky, Shouldice & Rosen, P.C., for a consultation to discuss his knee injury. At the consultation, the plaintiff signed an engagement letter which stated, inter alia, that he retained the defendants to represent him only in relation to a workers' compensation claim, and not for any other claims arising from the accident. At his deposition, the plaintiff acknowledged that he understood the engagement letter, but he did not remember whether he read the engagement letter before he signed it or discussed the scope of the representation beyond that the defendants would file a workers' compensation claim on behalf of the plaintiff and his wife. The defendants filed the workers' compensation claim, which was ultimately resolved.
In 2014, the plaintiff, and his wife suing derivatively, commenced this action, alleging, inter alia, that the defendants committed legal malpractice by failing to inform the plaintiff that he had potentially meritorious personal injury claims against certain third parties, and that the plaintiff would have prevailed on such claims if the defendants had prosecuted them or advised the plaintiff to seek counsel to prosecute them before the deadline to serve a notice of claim had expired. The defendants moved for summary judgment dismissing the complaint, and the plaintiff and his wife cross-moved for summary judgment. The Supreme Court, inter alia, granted those branches of the motion which were for summary judgment dismissing the causes of action alleging legal malpractice and loss of consortium and denied those branches of the cross-motion which were for summary judgment on those causes of action. The plaintiff and his wife appeal.
"To succeed on a motion for summary judgment dismissing a legal malpractice action, a defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied" (Schmidt v Burner, 202 AD3d 1117, 1119). "'In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages'" (Chicas v Cassar, 212 AD3d 704, 705, quoting Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 716).
Rule 1.2(c) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides, in relevant part, that "[a] lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances [and] the client gives informed consent." "An attorney may not be held liable for failing to act outside the scope of the retainer" (Genesis Merchant Partners, L.P. v Gilbride, Tusa, Last & Spellane, LLC, 157 AD3d 479, 482; see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428).
Here, the defendants demonstrated, prima facie, that the acts that they allegedly failed to perform were beyond the scope of the engagement letter, which was prepared by the defendants and signed by the plaintiff (see AmBase Corp. v Davis Polk & Wardwell, 8 NY3d at 435; DeNatale v Santangelo, 65 AD3d 1006, 1007; Turner v Irving Finkelstein & Meirowitz, LLP, 61 AD3d 849, 850). In opposition, the plaintiff and his wife failed to raise a triable issue of fact (cf. Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 830).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging legal malpractice and loss of consortium. The parties' remaining contentions are academic in light of the foregoing.
DILLON, J.P., CHAMBERS, MALTESE and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court