Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C. (2025 NY Slip Op 00956)

Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C.

2025 NY Slip Op 00956

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2020-07785
 (Index No. 606457/14)

[*1]Kliger-Weiss Infosystems, Inc., appellant, 
v
Ruskin Moscou Faltischek, P.C., respondent.

Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, NY (Vincent J. Syracuse and Carl F. Regelmann of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Marian C. Rice of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated September 10, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice is denied.
The underlying facts and procedural history are summarized in our decision and order determining a prior appeal in this action (see Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C., 159 AD3d 683; see also Matter of Kliger-Weiss Infosystems, Inc. v Epicor Retail Solutions Corp., 2011 NY Slip Op 33799[U], *1-2 [Sup Ct, NY County]). In short, the plaintiff, an entity that provides cloud technology solutions and point-of-sale systems to retailers, seeks to recover damages from the defendant, a law firm that represented the plaintiff, inter alia, in an effort to resolve a prior federal action (hereinafter the federal action) between the plaintiff and NSB Retail Solutions, Inc., a successor in interest of STS Systems, Ltd. (hereinafter STS), and a predecessor in interest of Epicor Retail Solutions Corporation (hereinafter Epicor) (see NSB U.S. Sales, Inc. v Brill, 2007 WL 258181, 2007 US Dist Lexis 7813 [SD NY, No. 04 Civ 9240 (RCC)]). In this action, the plaintiff alleged, among other things, that the defendant negligently failed to incorporate an evergreen provision in a 2007 settlement agreement resolving the federal action (hereinafter the settlement agreement). A 2001 agreement between the plaintiff and STS (hereinafter the 2001 agreement) contained the evergreen provision preferred by the plaintiff, and the settlement agreement superseded the 2001 agreement, at least to the extent they conflicted with one another. Michael Faltischek, one of the defendant's attorneys, primarily negotiated the settlement agreement on the plaintiff's behalf and communicated with the plaintiff in relation thereto. On the prior appeal, this Court determined that the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice but that it should have granted those branches of the motion which were to dismiss the other causes of action (see Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C., 159 AD3d at 683-685). [*2]Thereafter, the defendant moved, inter alia, for summary judgment dismissing the cause of action alleging legal malpractice. By order dated September 10, 2020, the court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
"A plaintiff seeking to recover damages for legal malpractice must establish that (1) the [defendant] attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (McGlynn v Burns & Harris, Esq., 223 AD3d 733, 734-735 [internal quotation marks omitted]; see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442). "The standard to which the defendant's conduct is to be compared is not that of the most highly skilled attorney, nor is it that of the average member of the legal profession, but that of an attorney who is competent and qualified" (Harris v Barbera, 163 AD3d 534, 535 [internal quotation marks omitted]). Expert testimony is required when "professional or scientific knowledge or skill outside the range of ordinary training or intelligence" is necessary to determine a particular issue (Mixon v TBV, Inc., 76 AD3d 144, 158; see Kulak v Nationwide Mut. Ins. Co., 40 NY2d 140, 147-148). Therefore, "[e]xpert testimony is normally needed to establish that [a defendant] attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, unless the ordinary experience of the fact-finder provides sufficient basis for judging the adequacy of the professional service, or the attorney's conduct falls below any standard of due care" (Northrop v Thorsen, 46 AD3d 780, 782 [emphasis and internal quotation marks omitted]; see Zasso v Maher, 226 AD2d 366, 367). "To establish proximate causation, the plaintiff must show that [he or] she would have prevailed in the underlying action or would not have incurred any damages, but for the defendant attorney's negligence" (Harris v Barbera, 163 AD3d at 535; see Barnett v Schwartz, 47 AD3d 197, 203-205). "Mere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice" (Humbert v Allen, 89 AD3d 804, 806 [alterations and internal quotation marks omitted]). "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise [the requisite] skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (Casey v Exum, 219 AD3d 456, 457 [internal quotation marks omitted]). In other words, the "defendant must present evidence in admissible form establishing that at least one of the essential elements of legal malpractice cannot be satisfied" (Schmidt v Burner, 202 AD3d 1117, 1119). "The defendant must affirmatively demonstrate the absence of one of the elements of legal malpractice, rather than merely pointing out gaps in the plaintiff's proof" (id. at 1119-1120; see Kempf v Magida, 116 AD3d 736, 736). "If the defendant meets that burden, the burden shifts to the plaintiff to raise a triable issue of fact" (Casey v Exum, 219 AD3d at 457).
Here, contrary to the Supreme Court's determination, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging legal malpractice (see Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 197 AD3d 544, 545). The defendant's "submissions in support of [its] motion did not establish, prima facie, the absence of at least one element of the legal malpractice cause of action" (McGlynn v Burns & Harris, Esq., 223 AD3d at 734). For example, the defendant argued that the plaintiff was unable to prove that its attorneys failed to exercise the requisite skill and knowledge, since the plaintiff, in a discovery response, stated that it did "not expect to call an expert witness at . . . trial." The defendant's argument constituted "an effort to point out gaps in the plaintiff's proof, which was insufficient to meet the defendant['s] burden as the party moving for summary judgment" (Iannucci v Kucker & Bruh, LLP, 161 AD3d 959, 960; see Kempf v Magida, 116 AD3d at 736). In any event, the plaintiff has alleged, inter alia, that its principal conveyed to Faltischek the importance of including the 2001 agreement's evergreen provision in the settlement agreement; that Faltischeck indicated that he would ensure that the settlement agreement contained such a provision; and that he nonetheless directed the principal to execute the settlement agreement, notwithstanding the fact that it did not contain the requested provision. "Under the circumstances[,] . . . the plaintiff need not produce expert testimony to establish that the defendant failed to exercise the requisite level of skill and knowledge" (Northrop v Thorsen, 46 AD3d at 782; see Shapiro v Butler, 273 AD2d 657, 658; cf. Greene v Payne, Wood & Littlejohn, 197 AD2d 664, 666).
The defendant similarly failed to demonstrate the absence of triable issues of fact with regard to proximate cause. Contrary to the defendant's contention, its submissions were sufficient to place the credibility of Epicor's counsel at issue as it relates to his deposition testimony that Epicor would not have agreed to an evergreen provision when negotiating the settlement agreement (see Lurie v Lurie, 200 AD3d 669, 670; Brown v Kass, 91 AD3d 894, 895-896; cf. Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 52). Regardless, even if the defendant established that Epicor would not have agreed to such a provision, the plaintiff's principal asserted that he would not have executed the settlement agreement had he known it did not contain the requested evergreen provision. Absent the settlement agreement, the 2001 agreement, which included the evergreen provision preferred by the plaintiff, would have remained in effect and the federal action would have continued to a disposition. Since the defendant failed to establish that the plaintiff would not have prevailed in the federal action, or that the plaintiff otherwise would have incurred the claimed damages regardless of the defendant's alleged negligence, the defendant did not meet its prima facie burden on the issue of proximate cause (see Chicas v Cassar, 212 AD3d 704, 705; Detoni v McMinkens, 147 AD3d 1018, 1020; cf. Sang Seok Na v Schietroma, 163 AD3d 597, 599).
Moreover, the defendant's contention that the cause of action alleging legal malpractice was time-barred was itself barred by the law of the case doctrine. "The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Martin v City of Cohoes, 37 NY2d 162, 165). "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . and operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law" (Matter of Norton v Town of Islip, 167 AD3d 624, 626 [alterations and internal quotation marks omitted]). Here, the defendant's statute of limitations argument was raised and decided against it on the prior appeal in this action (see Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C., 159 AD3d at 685). The defendant did not submit any new evidence in support of its motion for summary judgment or argue that there had been a change in the law, and its argument was therefore barred by the law of the case doctrine (see Bank of N.Y. Mellon v Selig, 213 AD3d 894, 896; US Bank, N.A. v Morrison, 160 AD3d 681, 682-683).
Since the defendant failed to meet its prima facie burden as the movant, we need not consider the sufficiency of the plaintiff's opposition papers (see Schmidt v Burner, 202 AD3d at 1120, citing Winegrad . New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging legal malpractice.
In light of our determination, the parties' remaining contentions need not be considered.
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court